UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                        Case No. 24-cr-20493

v.                                       Hon. Matthew F. Leitman

TYLER SCOTT MINEGAR,

          Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

After Defendant Tyler Minegar made online boasts about sexually abusing a 13-year-old girl in the Philippines—where he has traveled frequently—federal law enforcement agents began investigating him. In August 2024, he entered the United States at a Port of Entry at Detroit Wayne Airport in possession of electronic devices loaded with child pornography, much of which depicts adult men sexually abusing prepubescent girls. He was arrested and later indicted with transportation and possession of child pornography. Pursuant to a Rule 11 Plea Agreement, he later pleaded guilty to one count of transporting child pornography. He now stands to be sentenced. Given the salient Section 3553(a) factors, the government recommends a sentence of no more than 121 months' imprisonment.

## I.      Factual and Procedural Background

In August 2023, the National Center for Missing and Exploited Children sent a cybertip to the New Jersey Internet Crimes Against Children Task Force indicating that an account later associated with Minegar was chatting online with a purported adult "woman" in the Philippines. *See* PSR ¶ 10. In that chat, Minegar stated that he was traveling to the Philippines for work and asked the "woman" if she would be his housewife and have sex with him. *Id.* When asked if Minegar had a lot of girls in the Philippines, Minegar replied, "Just 1 / She's 13 / She love my big cock." *Id.* The "woman" responded, "She's 13 … It's Filipino?" Minegar then confirmed, "Yes / She love big cock / She suck me every day she live with me / I buy her." *Id.*

After connecting the account to Minegar, law enforcement later learned that he was returning to the United States on August 25, 2024, after a two-month trip to the Philippines, traveling through the Detroit Metro Airport en route to his Miami, Florida residence. *Id.* ¶¶ 11–12. Once Minegar's flight arrived at the Port of Entry, U.S. Customs and Border Protection referred him to a secondary inspection where he was interviewed. *Id.* Officers found Minegar in possession of an iPhone and a laptop, which he unlocked for officers to review. *Id.* Officers observed an image of a nude prepubescent girl in the iPhone photo gallery before the device's screen locked out. *Id.* ¶ 12. Review of the laptop revealed approximately 80 images and 28

2

videos of child sexually abusive material (CSAM) that were intermingled with photos from Minegar's daily life. *Id.* ¶ 14. Many of the videos depicted adult men sexually abusing prepubescent girls, including through oral and vaginal sex, which meet the federal definition of child pornography. *See id.*

Based on this information, Homeland Security Investigations arrested Minegar on a criminal complaint on August 26, 2024. ECF No. 1. Following his arrest, law enforcement obtained a search warrant for a forensic extraction of the cell phone and laptop, as well as an external hard drive that was later located in Minegar's luggage. Review of the hard drive revealed additional CSAM.

On September 5, 2024, the grand jury returned an indictment against Minegar, charging him with transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) (count one), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (count two). ECF No. 17. Minegar pleaded guilty to one count of transportation of child pornography pursuant to a Rule 11 plea agreement on June 5, 2025. ECF No. 35.

## II.    The Guidelines Calculation

The Probation Department calculated Minegar's sentencing guidelines to be 121-151 months based on a total offense level of 32 and a criminal history category of I. PSR ¶ 74. Minegar objects to a two-point enhancement for use of a computer under USSG § 2G2.2(b)(6), pointing to "the argument in United States v. Gerald

Allen Benedict, Case No. 1:20-cr-145 out of the Western District of Michigan." PSR Addendum.

However, as the Probation Department pointed out in their response, Minegar's crime involves his transportation of child pornography across the United States border using his cellphone and computer, which both contained CSAM. His offense plainly involved a computer, and he presents no factual argument or evidence as to why this enhancement should not apply. In fact, he agreed it should apply in the Rule 11 plea agreement. ECF No. 35, PageID.103.

When objecting to a PSR, a defendant must do more than simply deny a PSR's truth to show it is inaccurate. He must produce some evidence calling into question the reliability or correctness of the disputed fact. *United States v. Adkins*, 729 F.3d 559, 570 (6th Cir. 2013). Because Minegar has failed to produce any evidence that calls into question the reliability or correctness of any disputed facts, the PSR should remain as written.

## III.   The Section 3553(a) Factors

The sentencing factors are well known to the Court, and the government focuses on the most salient ones. Plainly, Minegar's offense was a serious one. He boasted online about sexually assaulting a 13-year-old child in the Philippines and then returned from that country with dozens of files of CSAM on his electronic devices. Moreover, the CSAM he possessed included depictions of adult men

4

sexually abusing prepubescent girls, which were intermingled with photos of his life. His sexual interest in children is clear, and his possession and transportation of that material contributes to the trafficking in such material and thus the proliferation of sexual abuse of children. Given his serious crime, a lengthy sentence is appropriate.

Minegar's history and characteristics also weigh in favor of a sentence of no more than 121 months' imprisonment. Although Minegar has no serious criminal history, he has a number of past contacts with law enforcement stemming from harassing and assaultive behavior, including to loved ones. PSR ¶¶ 36-44. He seems to have suffered from severe substance abuse disorder prior to his arrest in this case, which likely contributed to his criminal conduct. Moreover, he faced significant hardships in his childhood that undoubtedly played a role in his current offense. But the fact remains that he was well into adulthood and successfully working in IT when he chose to transport child pornography into this country following a trip abroad. A significant sentence is necessary to deter him from future crimes and to protect the public.

## IV.    Conclusion

For the reasons listed above, the Court should sentence Minegar to no more than 121 months' imprisonment.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*s/ Diane N. Princ*
SEAN L. KING
DIANE N. PRINC
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9524
Diane.princ@usdoj.gov

Date: March 25, 2026

6